**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| 3M Company and 3M Innovative Properties Company,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>Carlisle Fluid Technologies, Inc. and Saint-Gobain Abrasives, Inc.,<br>　　　　　　　　　Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs 3M Company and 3M Innovative Properties Company (collectively, "Plaintiffs" or "3M") for their Complaint for Patent Infringement against Defendant Carlisle Fluid Technologies, Inc. ("DeVilbiss") and Defendant Saint-Gobain Abrasives, Inc. ("Saint-Gobain") (collectively, "Defendants") hereby allege as follows:

### NATURE OF THIS ACTION

1.　　This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, 281-285.

### THE PARTIES

2.　　Plaintiff 3M Company is a corporation organized and existing under the laws of the state of Delaware and having its principal place of business at 3M Center, St. Paul, Minnesota 55133.

1

3. Plaintiff 3M Innovative Properties Company is a corporation organized and existing under the laws of the state of Delaware and having its principal place of business at 3M Center, St. Paul, Minnesota 55133.

4. On information and belief, Defendant Carlisle Fluid Technologies, Inc. is a Delaware corporation having a principal place of business at 320 Phillips Ave., Toledo, Ohio 43612-1467. On information and belief, Defendant Carlisle Fluid Technologies, Inc. ("DeVilbiss") owns the DeVilbiss Automotive Refinishing business.

5. On information and belief, Defendant Saint-Gobain Abrasives, Inc. ("Saint-Gobain") is a Massachusetts corporation having a principal place of business at One New Bond Street, Worcester, Massachusetts 01615.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the claims alleged herein arise under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

7. This Court has personal jurisdiction over DeVilbiss under Minn. Stat. § 543.19 and the Due Process Clause of the United States Constitution. DeVilbiss transacts business in Minnesota and upon information and belief has otherwise committed acts of infringement of one or more claims of the patent at issue in this action causing injury in Minnesota. DeVilbiss has continuous and systematic contacts with the state of Minnesota, including by intentionally directing its products for sale into the state of Minnesota. On information and belief, DeVilbiss maintains relationships with dealers and/or distributors in the state of Minnesota to deliberately cause the sale, offer for sale, and/or use of its products in the state of Minnesota. On information and belief, DeVilbiss lists over forty retailers in Minnesota as "Where To Buy" DeVilbiss

products. Therefore, DeVilbiss has intended to benefit from doing business in the state of Minnesota.

8. This Court has personal jurisdiction over Saint-Gobain under Minn. Stat. § 543.19 and the Due Process Clause of the United States Constitution. Saint-Gobain transacts business in Minnesota and upon information and belief has otherwise committed acts of infringement of one or more claims of the patent at issue in this action causing injury in Minnesota. Saint-Gobain has continuous and systematic contacts with the state of Minnesota, including by intentionally directing its products for sale into the state of Minnesota. On information and belief, Saint-Gobain maintains relationships with dealers and/or distributors in the state of Minnesota to deliberately cause the sale, offer for sale, and/or use of its products, including the relevant Snap-n-Flow product, in the state of Minnesota. Therefore, Saint-Gobain has intended to benefit from doing business in the state of Minnesota.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) and 1400(b).

## FACTUAL BACKGROUND

10. On February 17, 2015, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,955,770 ("the '770 Patent"), entitled "Apparatus for Spraying Liquids, and Adapters and Liquid Reservoirs Suitable for Use Therewith," naming as inventors Stephen C.P. Joseph, Malcom F. Douglas, Alan F. Butler, David R. Bastow, Jerome E. Salhus, and Margaret A. Hartfel. A true and correct copy of the '770 Patent is attached hereto as Exhibit A.

11. All rights, title, and interest in and to the '770 Patent have been assigned to 3M Innovative Properties Company, which is the sole owner of the '770 Patent. 3M Company is the exclusive licensee of the '770 Patent.

12. DeVilbiss has recently introduced a line of adapters, disposable cups, and disposable lids, known as the Snap-n-Flow products, which are intended for use with gravity-fed paint spray guns. Upon information and belief, the Snap-n-Flow products are being offered for sale and sold by Saint-Gobain/Norton and DeVilbiss, through select distributors to end users who are using the products. A product catalog, attached hereto as Exhibit B, indicates that customers can purchase adapters individually and can purchase disposable lids and cups either separately or in packaged kits. The product catalog also provides instructions on how to use Snap-n-Flow cups, lids, and adapters with gravity-fed paint spray guns.

13. In December of 2014, Saint-Gobain and DeVilbiss issued a press release that Saint-Gobain/Norton is now the exclusive sales representative for DeVilbiss, attached hereto as Exhibit C.

## FIRST CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT 8,955,770 BY DEVILBISS

14. 3M incorporates the allegations contained in paragraphs 1 through 13 above as though fully set forth herein.

### Direct Infringement by DeVilbiss under 35 U.S.C. § 271(a)

15. DeVilbiss has directly infringed and is continuing to infringe one or more claims of the '770 Patent, literally and/or under the doctrine of equivalents, by making, using, offering

4

to sell, and/or selling within the United States, and/or importing into the United States, at least its Snap-n-Flow products. (See Ex. B.)

Indirect Infringement by DeVilbiss under 35 U.S.C. § 271(b)

16. DeVilbiss had knowledge of the '770 patent prior to the filing of this Complaint. DeVilbiss and 3M previously entered into a Supply and License Agreement. This agreement included a patent marking requirement, which required DeVilbiss to monitor and evaluate the patent family to which the '770 patent belongs to comply with its marking obligations. In addition, DeVilbiss has knowledge of the '770 patent as a result of the filing of this Complaint.

17. DeVilbiss's customers and/or the end users of its products have infringed and are continuing to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '770 patent by using, offering to sell, and/or selling the DeVilbiss Snap-n-Flow products within the United States.

18. DeVilbiss knew and/or knows that the use, offer for sale, and/or sale of the DeVilbiss Snap-n-Flow products by DeVilbiss's customers and/or the end users of these products constituted or would constitute infringement of at least one claim of the '770 patent, or DeVilbiss believed and/or believes there was and/or is a high probability that DeVilbiss's customers and/or the end users of the DeVilbiss Snap-n-Flow products were and/or are infringing the '770 patent but deliberately avoided confirming that belief.

19. DeVilbiss has actively, knowingly, and intentionally induced infringement of the '770 patent, and is continuing to induce infringement of the '770 patent, by making, using, offering for sale, selling, and/or importing into the United States the DeVilbiss Snap-n-Flow products, and/or by contracting with others to use, market, offer to sell, sell, and/or import into

the United States the DeVilbiss Snap-n-Flow products, with knowledge of the '770 patent, and with the specific intent to cause the use, offer for sale, and/or sale of these products by DeVilbiss's customers and/or the end users of these products. For example, after DeVilbiss became aware of the '770 patent, DeVilbiss has continued to make, use, offer to sell, sell, and/or import into the United States the DeVilbiss Snap-n-Flow products, and has also continued to maintain distributor and/or customer relationships to facilitate the use, offer for sale, and/or sale of the DeVilbiss Snap-n-Flow products in the United States. In another example, after DeVilbiss became aware of the '770 patent, DeVilbiss has also continued to maintain an exclusive sales representative relationship with Saint-Gobain to facilitate the use, offer for sale, and/or sale of the DeVilbiss Snap-n-Flow products in the United States.

20.   DeVilbiss has also actively, knowingly, and intentionally induced infringement of the '770 patent, and is continuing to induce infringement of the '770 patent, by instructing, encouraging, promoting, and/or facilitating the use, offer for sale, and/or sale of the DeVilbiss Snap-n-Flow products.

21.   For example, DeVilbiss has created and/or distributed promotional and marketing materials, instructions for use, and/or videos that encourage the use, offer for sale, and/or sale of the DeVilbiss Snap-n-Flow products, with knowledge of the '770 patent, and with the specific intent to cause the use, offer for sale, and/or sale of these products by DeVilbiss's customers and/or the end users of these products. (See Ex. B.)

### Indirect Infringement by DeVilbiss under 35 U.S.C. § 271(c)

22.   DeVilbiss has contributed to the infringement of the '770 patent by others, including DeVilbiss's customers and/or the end users of the DeVilbiss Snap-n-Flow products,

and continues to contribute to the infringement by others, by making, offering for sale, selling, and/or importing into the United States the DeVilbiss Snap-n-Flow products.

23. The DeVilbiss Snap-n-Flow products constitute a material part of at least one claim of the '770 patent because components of these products comprise one or more of the required components of one or more claims of the '770 patent. For example, adapters sold under the Snap-n-Flow product line and fluid reservoirs formed by the attachment of the DeVilbiss Snap-n-Flow lids to the Snap-n-Flow containers comprise one or more of the required components of one or more claims of the '770 patent.

24. DeVilbiss had knowledge of the '770 patent prior to the filing of this Complaint, or at the latest, as a result of the filing of this Complaint. Thus, DeVilbiss has known and/or knows that the DeVilbiss Snap-n-Flow products were especially made or especially adapted for use in liquid spraying apparatuses covered by the claims of the '770 patent. For example, one or more adapters and/or fluid reservoirs of the DeVilbiss Snap-n-Flow products were especially made or especially adapted for use in liquid spraying apparatuses covered by the claims of the '770 patent.

25. Because the components of the DeVilbiss Snap-n-Flow products were specifically designed to fit and function with each other, cannot be used in non-infringing spray guns, and are covered by one or more claims of the '770 patent, the DeVilbiss Snap-n-Flow products have no substantial non-infringing uses. For example, the instructions and brochures for the DeVilbiss Snap-n-Flow products do not contain instructions for a use that does not infringe at least one claim of the '770 patent. (See Ex. B.)

Relief for DeVilbiss's Infringement of the '770 Patent

26. Plaintiffs have suffered monetary damages as a result of DeVilbiss's infringement of the '770 Patent in an amount to be determined at trial.

27. Since Snap-n-Flow has been on the market, Plaintiffs have complied with the marking requirement of 35 U.S.C. § 287.

28. Plaintiffs have suffered irreparable harm by DeVilbiss's infringement of the '770 Patent and will continue to suffer irreparable harm in the future unless DeVilbiss is enjoined from infringing the '770 Patent.

## SECOND CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT 8,955,770 BY SAINT-GOBAIN

29. 3M incorporates the allegations contained in paragraphs 1 through 28 above as though fully set forth herein.

Direct Infringement by Saint-Gobain under 35 U.S.C. § 271(a)

30. Saint-Gobain has infringed and is continuing to directly infringe one or more claims of the '770 patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, at least the DeVilbiss Snap-n-Flow products. (See Ex. C Press Release; Ex. B Snap-n-Flow Instructions.)

Indirect Infringement by Saint-Gobain under 35 U.S.C. § 271(b)

31. Saint-Gobain had knowledge of the '770 patent prior to the filing of this Complaint. Saint-Gobain was recently involved in other patent litigation involving the related '780 patent and was made aware of the pendency of the application issuing as the '770 patent during the course of that litigation. *See* Case No. 14-cv-00128 (ADM/FLN), Docket No. 16

8

Saint-Gobain Answer and Counterclaims; Docket No. 57 (March 16, 2015 Order staying case). Upon information and belief, Saint-Gobain monitors 3M's patents and patent applications related to paint system products. Saint-Gobain has also cited 3M's patents and patent applications related to the '770 patent, including patents and patent applications to which the '770 patent claims priority, to the United States Patent and Trademark Office in connection with the prosecution of its own patent applications related to paint system products. In addition, Saint-Gobain has knowledge of the '770 patent as a result of the filing of this Complaint.

32.     Saint-Gobain's customers and/or the end users of its products have infringed and are continuing to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '770 patent by using, offering to sell, and/or selling the DeVilbiss Snap-n-Flow products within the United States.

33.     Saint-Gobain knew and/or knows that the use, offer for sale, and/or sale of the DeVilbiss Snap-n-Flow products by Saint-Gobain's customers and/or the end users of these products constituted or would constitute infringement of at least one claim of the '770 patent, or Saint-Gobain believed and/or believes there was and/or is a high probability that Saint-Gobain's customers and/or the end users of the DeVilbiss Snap-n-Flow products were and/or are infringing the '770 patent but deliberately avoided confirming that belief.

34.     Saint-Gobain has actively, knowingly, and intentionally induced infringement of the '770 patent, and is continuing to induce infringement of the '770 patent, by making, using, offering for sale, selling, and/or importing into the United States the DeVilbiss Snap-n-Flow products, and/or by contracting with others to use, market, offer to sell, sell, and/or import into the United States the DeVilbiss Snap-n-Flow products, with knowledge of the '770 patent, and

with the specific intent to cause the use, offer for sale, and/or sale of these products by Saint-Gobain's customers and/or the end users of these products. For example, after Saint-Gobain became aware of the '770 patent, Saint-Gobain has continued to make, use, offer to sell, sell, and/or import into the United States the DeVilbiss Snap-n-Flow products, and has also continued to maintain distributor and/or customer relationships to facilitate the use, offer for sale, and/or sale of the DeVilbiss Snap-n-Flow products in the United States.

35.   Saint-Gobain has also actively, knowingly, and intentionally induced infringement of the '770 patent, and is continuing to induce infringement of the '770 patent, by instructing, encouraging, promoting, and/or facilitating the use, offer for sale, and/or sale of the DeVilbiss Snap-n-Flow products.

36.   For example, Saint-Gobain has created and/or distributed promotional and marketing materials, instructions for use, and/or videos that encourage the use, offer for sale, and/or sale of the DeVilbiss Snap-n-Flow products, with knowledge of the '770 patent, and with the specific intent to cause the use, offer for sale, and/or sale of these products by Saint-Gobain's customers and/or the end users of these products. (See Ex. B.)

Indirect Infringement by Saint-Gobain under 35 U.S.C. § 271(c)

37.   Saint-Gobain has contributed to the infringement of the '770 patent by others, including Saint-Gobain's customers and/or the end users of the DeVilbiss Snap-n-Flow products, and continues to contribute to the infringement by others, by making, offering for sale, selling, and/or importing into the United States the DeVilbiss Snap-n-Flow products.

38.   The DeVilbiss Snap-n-Flow products constitute a material part of at least one claim of the '770 patent because components of these products comprise one or more of the

required components of one or more claims of the '770 patent. For example, adapters sold under the Snap-n-Flow product line and fluid reservoirs formed by the attachment of the DeVilbiss Snap-n-Flow lids to the Snap-n-Flow containers comprise one or more of the required components of one or more claims of the '770 patent.

39.     Saint-Gobain had knowledge of the '770 patent prior to the filing of this Complaint, or at the latest, as a result of the filing of this Complaint. Thus, Saint-Gobain has known and/or knows that the DeVilbiss Snap-n-Flow products were especially made or especially adapted for use in liquid spraying apparatuses covered by the claims of the '770 patent. For example, one or more adapters and/or fluid reservoirs of the DeVilbiss Snap-n-Flow products were especially made or especially adapted for use in liquid spraying apparatuses covered by the claims of the '770 patent.

40.     Because the components of the DeVilbiss Snap-n-Flow products were specifically designed to fit and function with each other, cannot be used in non-infringing spray guns, and are covered by one or more claims of the '770 patent, the DeVilbiss Snap-n-Flow products have no substantial non-infringing uses. For example, the instructions and brochures for the DeVilbiss Snap-n-Flow products do not contain instructions for a use that does not infringe at least one claim of the '770 patent. (See Ex. B.)

## Relief for Saint-Gobain's Infringement of the '770 Patent

41.     Plaintiffs have suffered monetary damages as a result of Saint-Gobain's infringement of the '770 Patent in an amount to be determined at trial.

42.     Since Snap-n-Flow has been on the market, Plaintiffs have complied with the marking requirement of 35 U.S.C. § 287.

43. Plaintiffs have suffered irreparable harm by Saint-Gobain's infringement of the '770 Patent and will continue to suffer irreparable harm in the future unless Saint-Gobain is enjoined from infringing the '770 Patent.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs respectfully request a trial by jury of any and all issues on which a trial by jury is available under the applicable law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request of this Court:

A.  To enter judgment that DeVilbiss has infringed the claims of the '770 Patent in violation of 35 U.S.C. § 271;

B.  To enter judgment that Saint-Gobain has infringed the claims of the '770 Patent in violation of 35 U.S.C. § 271;

C.  To enter an order permanently enjoining DeVilbiss and its respective officers, agents, servants, and employees, and all persons in active concert or participation with any of them, from infringing the claims of the '770 Patent in violation of 35 U.S.C. § 271;

D.  To enter an order permanently enjoining Saint-Gobain and its respective officers, agents, servants, and employees, and all persons in active concert or participation with any of them, from infringing the claims of the '770 Patent in violation of 35 U.S.C. § 271;

E.  To award 3M Company and 3M Innovative Properties Company an accounting for damages and their respective damages in amounts sufficient to compensate them for DeVilbiss's and Saint-Gobain's infringement of the claims of the '770 Patent, together with pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

F. To declare this case to be "exceptional" under 35 U.S.C. § 285 and to award Plaintiffs their attorneys' fees, expenses, and costs incurred in this action; and

G. To award Plaintiffs such other and further relief as this Court deems just and proper.

Respectfully Submitted,

Dated: May 27, 2015

s/ *Bethany D. Krueger*
Bethany D. Krueger (#0306368)
GREENE ESPEL PLLP
Campbell Mithun Tower - Suite 2200
222 South Ninth Street
Minneapolis, MN 55402-3362
Tel: (612) 373-8353
Fax: (612) 373-0929
bkrueger@greeneespel.com

Of Counsel:

Stephen M. Hash, (TX #24012800)
   *Pro Hac Vice Pending*
Andrea M. Houston, (TX #24027817)
   *Pro Hac Vice Pending*
Samantha Kuhn, (TX #24078585)
   *Pro Hac Vice Pending*
VINSON & ELKINS L.L.P.
The Terrace 7
2801 Via Fortuna, Suite 100
Austin, Texas 78746-7568
Tel: (512) 542-8400
Fax: (512) 236-3476
shash@velaw.com
ahouston@velaw.com
skuhn@velaw.com

Attorneys for Plaintiffs 3M Company and 3M Innovative Properties Company